UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00556-GNS

CHIROPRACTORS UNITED FOR RESEARCH
AND EDUCATION, LLC, et al.                                               PLAINTIFFS

v.

JACK CONWAY, et al.                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Motion for Injunctive Relief Pending Appeal. (Pls.' Mot. for Injunctive Relief Pending Appeal, DN 34 [hereinafter Pls.' Mot. for Injunctive Relief]). The motion is fully briefed and ripe for adjudication. For the reasons stated below, the Court **DENIES** Plaintiffs' motion.

### I.      DISCUSSION

The facts of this case are discussed at length in the Court's Memorandum Opinion and Order of September 3, 2015, and there is no reason to repeat them at length here. In short, Plaintiffs filed this action on June 19, 2015, seeking a declaratory judgment that 201 KAR Section 21:015 and KRS 367.4081-83 are unconstitutional and a preliminary injunction barring the enforcement of same. (Compl. 18, DN 1; Mem. in Supp. of Pls.' Mot. for Prelim. Inj. & Req. for an Expedited Hr'g Date & Briefing Schedule 1, DN 3-1).

On September 3, 2015, this Court entered its Memorandum Opinion and Order denying Plaintiffs' motion for a preliminary injunction on the basis that Plaintiffs did not show they were likely to succeed on the merits. (Mem. Op. & Order 24, DN 32). Plaintiffs have appealed that Memorandum Opinion and Order (Notice of Appeal, DN 33), and now seek injunctive relief pending the outcome of their appeal. (Pls.' Mot. for Injunctive Relief).

Federal Rule of Civil Procedure 62(c) allows the Court to "suspend, modify, restore, or grant an injunction" while an appeal of an interlocutory order is pending. Fed. R. Civ. P. 62(c). The consideration for such an injunction is the same as that for a preliminary injunction. *Summit Cty. Democratic Cent. & Exec. Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004). Those factors are: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007) (quoting *Tumblebus Inc. v. Cranmer*, 399 F.3d 754, 760 (6th Cir. 2005)).

Plaintiffs make no new arguments in their motion for an injunction pending appeal. The Court has already determined that the arguments upon which Plaintiffs rely do not establish that Plaintiffs have a strong likelihood of success on the merits. As Plaintiffs' arguments have not changed, neither has the Court's analysis of the arguments. Accordingly, the Court must deny Plaintiffs' motion.

## II. CONCLUSION

For the reasons detailed above, none of Plaintiffs' claims are likely to establish Plaintiffs' entitlement to the relief requested. Because Plaintiffs have not shown that they are likely to

succeed on the merits of this case, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Injunctive Relief Pending Appeal (DN 34) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
November 30, 2015

cc: counsel of record