# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  | 100 EAST FIFTH STREET, ROOM 540 |  |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: July 1, 2016

Mr. John D. Cox
Lynch, Cox, Gilman & Goodman
500 W. Jefferson Street
Suite 2100
Louisville, KY 40202

Mr. Matthew D. James
Office of the Attorney General
of Kentucky
700 Capitol Avenue
Suite 118
Frankfort, KY 40601

Mr. Martin Keith Poynter
Sampson Law Firm
450 S. Third Street
Louisville, KY 40202

      Re: Case No. 15-6103, *Chiropractors United, et al v. Jack Conway, et al*
         Originating Case No. : 3:15-cv-00556

Dear Counsel:

 The Court issued the enclosed Order today in this case.

            Sincerely yours,

            s/Renee M. Jefferies
            Case Manager
            Direct Dial No. 513-564-7021

cc: Ms. Vanessa L. Armstrong

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 15-6103

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |
|---|---|
| CHIROPRACTORS UNITED FOR RESEARCH AND EDUCATION, LLC, aka CURE, et al., | ) ) ) |
| Plaintiffs-Appellants, | ) ) |
| v. | ) ) ) |
| JACK CONWAY, et al., | ) ) |
| Defendants-Appellees. | ) ) ) |

FILED
Jul 01, 2016
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

O R D E R

Before: NORRIS, COOK, and GRIFFIN, Circuit Judges.

In this interlocutory appeal, Chiropractors United For Research and Education, LLC; Commerce Chiropractic and Rehab, PSC; David Seastedt, D.C.; Louisville Sports and Injury Chiropractic & Rehab Center; Robert Kleinfeld, D.C.; E-Town Injury Center, Inc. d/b/a Metro Pain Relief Center-Rechter Chiropractic/Radiology Group; and David Romano, D.C., (collectively the "plaintiff chiropractors"), appeal the order of the district court denying their motion for a preliminary injunction in their civil action seeking to bar the enforcement of 201 Kentucky Administrative Regulation ("KAR") § 21:015 and Kentucky Revised Statute ("KRS") § 367.4081-83 as unconstitutional. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In March 2015, the "New Solicitation Statute" was signed into law. KRS § 367.4081-83. It provided that for thirty days immediately "following a motor vehicle accident a healthcare provider or an intermediary, at the request or direction of a healthcare provider, shall not solicit

Case 3:15-cv-00556-GNS Document 41 Filed 07/01/16 Page 3 of 6 PageID #: 485
Case: 15-6103 Document: 25-2 Filed: 07/01/2016 Page: 2 (3 of 6)

No. 15-6103
- 2 -

or knowingly permit another individual to solicit a person involved in a motor vehicle accident for the provision of reparation benefits, as defined by [Kentucky law]." KRS § 367.4082(1). A corresponding administrative regulation, amended by the Board of Chiropractic Examiners in 2006, provided that a "chiropractor shall not contact or cause an accident victim to be contacted by the chiropractor's employee, agent, contractor, telemarketer, or anyone acting in concert with the chiropractor." *See* 201 KAR § 21:015(1)(6)(b) (2014).

In June 2015, the plaintiff chiropractors filed this action pursuant to 42 U.S.C. § 1983, requesting a declaratory judgment that 201 KAR § 21:015 and KRS § 367.4081-83 are unconstitutional. The plaintiffs alleged violations of the First Amendment and the Equal Protection Clause and argued that the statutes and regulation in question were an unconstitutional prior restraint on speech. The plaintiff chiropractors also moved for a preliminary injunction. Following a hearing, the district court declared the plaintiffs' motion moot as to 201 KAR § 21:015 because the regulation had been rescinded during the pendency of the current action. The court further determined that the plaintiff chiropractors did not have a strong likelihood of success on the merits of their claims and denied their request for a preliminary injunction.

On appeal, the plaintiff chiropractors argue that the district court applied the improper level of scrutiny to determine whether there was a substantial likelihood of success on the merits. In any event, the plaintiffs assert that the "New Solicitation Statute" cannot be upheld on the basis of the evidence submitted by the state, which was irrelevant and incorrect. Because the plaintiffs do not dispute the denial of their injunction as moot with respect to now-rescinded 201 KAR § 21:015 or challenge the district court's findings with respect to their equal-protection and prior-restraint claims, we consider those claims to be abandoned. *See United States v. Johnson*, 440 F.3d 832, 845-46 (6th Cir. 2006).

> In considering whether preliminary injunctive relief should be granted, a court considers four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction."

Case 3:15-cv-00556-GNS   Document 41   Filed 07/01/16   Page 4 of 6 PageID #: 486
Case: 15-6103   Document: 25-2   Filed: 07/01/2016   Page: 3   (4 of 6)

No. 15-6103
- 3 -

*Jolivette v. Husted*, 694 F.3d 760, 765 (6th Cir. 2012) (quoting *Chabad of S. Ohio v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004)). In First Amendment cases, "the crucial inquiry is usually whether the plaintiff has demonstrated a likelihood of success on the merits." *Bays v. City of Fairborn*, 668 F.3d 814, 819 (6th Cir. 2012) (internal citation omitted). Accordingly, in these cases, we review de novo the district court's legal conclusions—including its First Amendment ruling—and review its ultimate decision whether to grant the preliminary injunction for abuse of discretion. *McCreary Cty. v. ACLU of Ky.*, 545 U.S. 844, 867 (2005).

The plaintiff chiropractors first assert that the district court failed to apply the correct legal standard to evaluate their First Amendment challenge. Specifically, the plaintiffs argue that the "New Solicitation Statute" is a content-based restriction that requires strict scrutiny review and not intermediate review as set forth in *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557 (1980), and applied by the district court. Simply because the statute regulates commercial speech, they argue, does not change this result. In fact, they assert that the decisions of the Supreme Court in *Sorrell v. IMS Health Inc.*, 131 S. Ct. 2653 (2011), and *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015), clarified that the *Central Hudson* intermediate scrutiny standard does not apply if the challenged statute is a content-based restriction on commercial speech.

Despite the plaintiff chiropractors' arguments, the district court did not err in applying the *Central Hudson* intermediate scrutiny review to the "New Solicitation Statute." The *Sorrell* Court did not hold that strict scrutiny applied to content-based regulation of commercial speech, but specifically applied the test outlined in *Central Hudson*, stating: "[t]o sustain the targeted, content-based burden [the challenged statute] imposes on protected expression, the State must show at least that the statute directly advances a substantial governmental interest and that the measure is drawn to achieve that interest." *Sorrell*, 131 S. Ct. at 2667-68 (citing *Bd. of Trs. v. Fox*, 492 U.S. 469, 480-481 (1989), and *Cent. Hudson*, 447 U.S. at 566). In fact, the Supreme Court has rejected the use of strict scrutiny in challenges to commercial speech regulations, noting that there was "no need to break new ground. *Central Hudson*, as applied . . . provides an adequate basis for decision." *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 554-55 (2001).

No. 15-6103
- 4 -

*Reed* also did not break that "new ground," failing to even cite *Central Hudson* in the majority opinion. Because the district court correctly determined that the "New Solicitation Statute" regulates commercial speech, it did not err in analyzing the plaintiffs' First Amendment claim under the *Central Hudson* standard.

Pursuant to that standard, a court first determines whether the speech concerned is entitled to First Amendment protection. *Cent. Hudson*, 447 U.S. at 566. If so, the court then must determine: (1) whether the asserted governmental interest is substantial, (2) whether the regulation directly advances that interest, and (3) whether the regulation is more extensive than necessary to serve the asserted interest. *Id*.

The district court did not err in determining that the plaintiff chiropractors did not have a substantial likelihood of success on the merits of their First Amendment challenge to the "New Solicitation Statute." First, the solicitations that the plaintiff chiropractors seek to send motor-vehicle-accident victims are entitled to First Amendment protection. *See Bates v. State Bar of Ariz.*, 433 U.S. 350, 363 (1977). Nevertheless, the state also has a substantial interest in preventing fraud in general, *Dent v. West Virginia*, 129 U.S. 114, 122 (1889), and the abuse of the Personal Injury Protection ("PIP") benefits system in particular. In this case, the state presented sufficient data for the district court to determine that the "New Solicitation Statute" advances the state's interest, including congressional committee hearing testimony, complaints and orders in which medical licensing boards had sanctioned their members for the behavior that the "New Solicitation Statute" is designed to prevent, and a report from the National Insurance Crime Bureau which tracked "questionable claim" referrals and which indicated that PIP claims ranked in the top three loss types for 2012-2014 in Kentucky. Finally, the "New Solicitation Statute" is not more extensive than necessary to achieve its interest. The statute prevents healthcare providers from soliciting motor-vehicle-accident victims "for the provision of reparation benefits," KRS § 367.4082(1), but does not restrict the victims of motor vehicle accidents from contacting a provider to seek treatment during the thirty days following an accident. Also, the statute provides an exemption for providers and patients who have a pre-existing relationship. *See* KRS § 367.4081(4)(b)(3).

No. 15-6103
- 5 -

Because the district court did not improperly apply the law, use an erroneous legal standard, or rely upon clearly erroneous findings of fact, it did not abuse its discretion in denying the plaintiff chiropractors' motion for a preliminary injunction. The district court's interlocutory order denying the motion is **AFFIRMED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk